IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John Doe, Jane Doe, ) | |
| ) | |
| Plaintiffs, ) | C/A No. 6:15-cv-01714-BHH-JDA |
| )) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| City of Simpsonville; Jason Weibel; Justin ) | |
| Chandler; Greenville Health System; Mary ) | |
| Schneider; Carolina Emergency Physicians ) | |
| PA; Teressa Oldson; Richard Mills; ) | |
| Chestnut Hill Mental Health Center, Inc., ) | |
| *d/b/a* Spring Brook Behavioral Health ) | |
| System; Jill Aiken; Sergio Sanchez; Kia ) | |
| Morgan; Richard Roes 1–100; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon review of the record. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court. For the reasons set out below, the Court recommends that this case be dismissed for failure to properly serve Defendants within the time limits set out in Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiffs filed the Complaint on April 20, 2015, alleging violations of their constitutional rights under 42 U.S.C. § 1983 and various state law claims. [Doc. 1.] Service of the Complaint was due by August 21, 2015. [Doc. 1.] On August 27, 2015, the undersigned allowed Plaintiffs an additional 40 days from the original service date to serve the Complaint; accordingly, service was due by September 30, 2015. [Doc. 7.] As of the

date of the filing of this Report and Recommendation, the Court has not received any proof Defendants have been served.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve a defendant "within 120 days after the complaint is filed." If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The United States District Court for the District of Maryland has recently acknowledged the "continuing ambiguity as to whether Rule 4(m) provides any latitude to the district court in granting a motion to extend time to effectuate service in the absence of good cause." *Malibu Media, LLC v. Doe*, Civil Action No. WMN-14-3384, 2015 WL 2345547, at *2 (D. Md. May 14, 2015). The court explained:

> The Advisory Committee Notes to Rule 4(m) provide that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed.R.Civ.P. 4(m) advisory committee's note. In *Mendez v. Elliott*, the Fourth Circuit held, without addressing this note, that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." 45 F.3d 75, 78 (4th Cir. 1995). The Supreme Court, however, in *Henderson v. United States*, in dicta, referenced the Advisory Committee Notes and observed that "courts have been accorded discretion to enlarge the 120 day period even if there is no good cause shown." 517 U.S. 654, at 662 and 658 n.5 (1996). Most Circuits have held that a Rule 4(m) motion may be granted even in the absence of good cause.
>
> The Fourth Circuit, however, nominally reaffirmed its commitment to *Mendez*. In an unreported decision, *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), the Fourth Circuit affirmed the trial court's determination that it lacked discretion under

> *Mendez* to grant an extension of time absent a showing of good cause, which Plaintiff's request lacked. *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013) ("This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in *Mendez*.").[1] The Supreme Court granted certiorari in *Chen* on the question of whether a district court has discretion to extend time. — U.S. —, 135 S.Ct. 475 (Nov. 7, 2014). The plaintiff, however, failed to timely respond to the writ, and it was subsequently dismissed. — U.S. —, 135 S.Ct. 939 (Jan. 9, 2015).

*Id.* (parallel citations omitted).

To grant an extension of time for service for good cause the court must find that the plaintiff has made "reasonable and diligent efforts to effect service" within the time period prescribed by law. Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors . . . stifle a plaintiff's due diligence' in perfecting service." *McCollum v. GENCO Infrastructure Sols.*, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010 (quoting *T & S Rentals v. U.S.*, 164 F.R.D. 422, 425 (N.D.W. Va. 1996)). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service. *Clyburn v. Champagne*, C/A No. 6:10-1925-TMC, 2012 WL 4478971,

---

[1] In other unpublished opinions, the Fourth Circuit Court of Appeals has assumed, without explicitly overruling *Mendez*, that the Court has discretion in granting a Rule 4(m) motion in the absence of good cause. *See Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010) ("The district court must extend the 120-day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); *Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 982364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("Although this observation [in *Henderson*] was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its belief to the contrary.").

at *5 (D.S.C. Sept. 28, 2012) ("Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service." (Internal quotations marks and citation omitted)); 4B Charles Alan Wright & Alan R. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis"). Counsel's negligent failure to perfect service does not support a showing of good cause. *McCollum*, 2010 WL 5100495, at *2.

Here, Plaintiffs have failed to show either reasonable diligence in their efforts to effect service on Defendants or that their efforts were stifled. Plaintiffs made no mention of good cause in the motion for extension of time, nor did Plaintiffs provide any explanation for the lengthy delay in service, and they have provided no detail on their efforts to locate and serve Defendants. Plaintiffs have made no attempt to address these deficiencies despite numerous communications from the Clerk to Plaintiff's counsel. Plaintiffs have failed to demonstrate that they have followed the dictates of Rule 4(m), despite the fact that Plaintiffs have had almost two months from the original service due date to effect service. [*See* Doc. 1 (stating Plaintiffs' Complaint was to be served by August 21, 2015).] Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to serve under Rule 4(m).[2]

---

[2]The Court notes that this case presents unique circumstances, in that the John Doe and Jane Doe Plaintiffs' identities are unknown and Plaintiffs' counsel, J. Todd Kincannon,

4

Wherefore, based upon the foregoing, the undersigned recommends that this case be DISMISSED without prejudice. If the District Court adopts this Report and Recommendation, it is further recommended that Kincannon be ordered to notify Plaintiffs that the case has been dismissed without prejudice and inform them that they may refile the case with representation by another attorney or pro se.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

October 21, 2015
Greenville, South Carolina

---

has been labeled inactive in CM/ECF. However, as noted supra, counsel's negligence in perfecting service does not demonstrate good cause. *See McCollum*, 2010 WL 5100495, at *2; *see also Harvey v. Capital Children's Dental Ctr.*, No. 3:09-1836-CMC-PJG, 2010 WL 1294120, at *2 (D.S.C. Mar. 4, 2010) (noting that "courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause."); *Hoffman v. Baltimore Police Dep't*, 379 F.Supp.2d 778, 786 (D. Md. Jun. 29, 2005) (dismissing the complaint where "Plaintiff's counsel did absolutely nothing to attempt to serve the[ ] defendants for 118 days, and offers the unavailability of one of his office staff on the final two days as the reason for untimely service"). Out of an abundance of caution, the Clerk contacted Peyre Thomas Lumpkin, who was appointed by the Supreme Court of South Carolina to protect the interests of J. Todd Kincannon's clients, *In the Matter of J. Todd Kincannon*, Op. No. 2015-001824 (S.C. Sup. Ct. filed August 28, 2015). Lumpkin informed the Clerk, via electronic mail, that he had no record of these clients and provided an updated address for Kincannon. Therefore, the Court directs the Clerk to mail a copy of this Report and Recommendation to J. Todd Kincannon, 200 Townes Road, Columbia, South Carolina, 29210, via certified mail.